IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TCF INVENTORY FINANCE, INC., )
a Minnesota corporation, )
 )
                     Plaintiff, )
 )
                     v. )    Case No. 16 C 8315
 )
**SS/T AUTO LLC**, an Arizona limited )
liability company, et al., )
 )
                     Defendants. )

## **MEMORANDUM ORDER**

Two of the three defendants in this contract action brought by TCF Inventory Finance, Inc. ("TCF") -- Timothy and Carrie Owens (collectively "Owenses") -- have filed a pro se Answer to the TCF Complaint. They are of course entitled to do so, but if they exercise that option they are still obligated to play by the rules.[1] This memorandum order is issued sua sponte because of a host of problematic aspects of Owenses' responsive pleading.

To begin with, this District Court's rules contain this provision aimed at enabling the reader to see just what is and what is not at issue by reading a defendant's answer rather than flipping back and forth between two documents (LR 10.1):

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

---

[1] Some leeway is of course extended to Owenses as nonlawyers, but the text of the Answer suggests that they may have been provided with legal input -- and if that is not the case, the matters dealt with in this memorandum order confirm their total lack of wisdom in acting on their own instead.

For Owenses' information, compliance with that provision most frequently involves a verbatim copying of each paragraph of a complaint (rather than paraphrasing its allegations), followed immediately by defendants' response to the allegations. So when the Amended Answer required by this memorandum order is filed, compliance with LR 10.1 is necessary.

Next, Answer ¶ 1 contains two fundamental mistakes. Its first sentence reflects a total misunderstanding of TCF's Complaint ¶ 1, which is an impeccable statement identifying TCF's corporate citizenship as prescribed by 28 U.S.C. § 1332(c)(1) -- compliance that is essential in an action whose federal subject matter jurisdiction is based on diversity of citizenship. As for the second problem with Answer ¶ 1, the response is flawed by its oxymoronic denial of TCF's allegations after having asserted the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5). It is of course improper for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from Answer ¶ 1.

Next, Answer ¶ 3 reflects Owenses' misunderstanding of the federal concept of the state or states of citizenship of a limited liability company ("LLC") such as their co-defendant SS/T Auto LLC ("SS/T") -- a concept that is also an essential component of the diversity-of-citizenship determination. For jurisdictional purposes SS/T citizenship is <u>not</u> a function of the state where that LLC has been incorporated, but is rather determined by the states of citizenship of all of the LLC's members. Because Owenses have denied the allegation that they are <u>the</u> SS/T members, their Amended Answer must identify all of its members and their respective states of citizenship.

Owenses' obvious lack of understanding of diversity concepts carries forward into their Answer ¶ 7. Somebody on the defense side of the "v." sign (Owenses or, if they exercise better judgment, a lawyer on their behalf) has to go back to the books and include a proper response to Complaint ¶ 7 in the Amended Answer.

Next, Answer ¶ 8 is also flat-out wrong. If Owenses intend to challenge the propriety of TCF's bringing this action in this District Court, they must file an appropriate motion with appropriate legal support so that this Court can address the subject on an informed basis.

Next, Owenses launch into a series of responses that avoid the issue by stating that a document "speaks for itself." Not so -- see App'x ¶ 3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). All of those assertions are stricken, and Owenses' Amended Answer must respond to the Complaint's allegations in those paragraphs in a straightforward fashion.

This memorandum order could go on at greater length, but it is really not this Court's function or responsibility to do litigants' work for them. Because potential damages in the range of $1 million are at stake here, and because Owenses' efforts are patently irresponsible in so many respects, the Answer is stricken in its entirety, with leave granted to file a proper Amended Answer on or before October 14, 2016.

Finally, it is an understatement to say that Owenses' best interests would be served by their retaining counsel to represent them in this big-stakes lawsuit. Moreover, this Court orders Owenses to show cause by the same October 14 date, pursuant to Rule 11(c)(3), as to why their conduct in connection with their initial filing has not violated Rule 11(b).

_____
Milton I. Shadur
Date: September 20, 2016      Senior United States District Judge