# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TCF INVENTORY FINANCE, INC., a Minnesota corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 16 C 8315 ) |
| SS/T AUTO LLC, an Arizona limited liability company, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

This Court's three-page September 20, 2016 memorandum order (the "Order") was "issued sua sponte because a host of problematic aspects of Owenses' responsive pleading."[1] That effort by this Court was intended to be both instructive and constructive, for the natural unfamiliarity of nonlawyers with matters of legal practice and procedure (and particularly federal practice and procedure) have properly led courts to look at their efforts through a less demanding lens (see Haines v. Kerner, 404 U.S. 519 (1972)).

Unfortunately, Owenses' Amended Answer ("AA") that was filed last week, though a good portion of it has been responsive to matters brought to their attention by the Order, contains a host of errors, in one instance by ignoring entirely a necessary correction expressly identified in the Order. And because that and other errors are so pervasive, this opinion will not endeavor to

---

[1] Here, as in the Order, co-defendants Timothy and Carrie Owens are referred to collectively as "Owenses."

rank them in some order of seriousness, but will deal with them instead in the sequence in which they appear in the AA.

Owenses' partial responsiveness to some issues identified in the Order carries them through AA ¶ 7 without incident. But AA ¶ 8 begins a string of multiple matters that undercut Owenses' attempted avoidance of their responsibilities in a major way:

1. In part Owenses provide a nonresponse to the venue allegation in Complaint ¶ 8, as brought against them and their wholly-owned limited liability company SS/T Auto, LLC ("SS/T") by plaintiff TCF Inventory Finance, Inc. ("TCF"), by asserting that this District Court "is not the most convenient forum for this litigation." That flouts the allegation of Complaint ¶ 8 (which is drawn directly from the contract btween the parties) that "Borrower [SS/T] and the Guarantors [Owenses] consented to the jurisdiction of the courts in Illinois." If Owenses believe that they have a legal predicate for moving this lawsuit elsewhere on the basis that this District Court "is not the most convenient forum," that must be advanced by a properly supported motion under 28 U.S.C. § 1404(a). But meanwhile they cannot deny that venue is lodged here by consent and under 28 U.S.C. § 1391(b).

2. In AA ¶ 8 Owenses prefer to forget that they sought and obtained from TCF for SS/T (and hence for themselves as its sole owners) funds that reached a level of close to $1M at the time of SS/T's default (which triggered the joint and several liability of Owenses as Guarantors), so that the notion that the venue provisions were somehow "contracts of

adhesion" (meaning they are assertedly unenforceable) reflects Owenses' home-grown misunderstanding of that concept. Moreover, they repeat that mistaken notion in AA ¶¶ 10 and 13.[2]

3. AA ¶ 8 also seeks to inject the notion that the so-called "contracts clauses of adhesion in those documents . . . were not part of the 'dickered deal.'" That internally quoted term "dickered deal" is totally meaningless in the context of this litigation, in which SS/T and Owenses entered freely into a transaction that brought them truly major financial benefits but now attempt to squeeze out of liability for their contractual obligations without any contention that their wills were overborne or that their commitments were otherwise not volitional. That really meaningless notion has also found its way into AA ¶¶ 10 and 13.

Next, although Order at 3 expressly rejected Owenses' original efforts to "avoid the issue by stating that a document 'speaks for itself,'" while calling their attention specifically to an earlier opinion by this Court addressing that subject, their current AA ¶¶ 10, 11, 13, 19, 33 and 42 persist in that unacceptable practice. That flouts the basic principles of Fed. R. Civ. P. ("Rule") 8(b), which permits three categories of permitted response to a plaintiff's allegations: by an admission or denial (Rule 8(b)(1)(B)) or, if neither of those is available as to some allegation in a defendant's exercise of the subjective and objective good faith demanded by Rule

---

[2] This opinion's references to the repetition of errors in the AA may not be exhaustive, though this Court has sought to go through the AA with some care. If there are other places in the AA that this opinion fails to catch, TCF is free to raise them -- or even better, Owenses as the authors of those errors (who bear the basic responsibility for their mistakes) have the responsibility for clearing away the underbrush.

11(b), by advancing a Rule 8(b)(5) disclaimer that the pleader "lacks knowledge or information sufficient to form a belief about the truth of an allegation." That last alternative is of course unavailable in addressing an allegation to which a response is required as to the truth or lack of truth of that allegation as to the content of a <u>document</u>. Owenses' dodges in that respect are unacceptable, and they must go back to the drawing board to cure that defect.

Next in line comes the AA ¶ 12 confusion of the words "joint and several" in the underlying document on which TCF sues[3] by Owenses' effort to inject the irrelevancy of the State of Arizona's concept of "marital community" or "marital community obligation" into the mix. Again that error is compounded by its repetition in AA ¶¶ 33, 37, 42 and 46. How the State of Arizona may or may not treat Owenses' respective contractual responsibilities under state law is wholly beside the mark, both because of the plain legal meaning of "joint and several" and because of the choice of law provision in the document sued upon that calls for the application of Illinois law.

Next, although the Order did not advert to the laundry list of proposed affirmative defenses ("ADs") that were set out in the original Answer and carried forward in AA ¶ 25, Owenses must be made aware that such a blunderbuss listing frustrates the uniform caselaw construing and applying Rule 8(c) (see also App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). If Owenses really believe that one or more of the grab bag of items they have assembled in skeletal form really applies, they must raise any such matter

---

[3] If the concept of "several" liability is somehow unfamiliar to Owenses, any good dictionary could clear up that difficulty.

by a properly advanced and supported motion so that such issues may be dealt with in an orderly way.

Only one more item bears mention in this already-overlengthy opinion, though it is a vital one. AA ¶ 37 seeks to cabin any judgment entered against Owenses based on the earlier-referred-to notion of "marital community" and the "community property laws of the State of Arizona, the likely jurisdiction where any judgment herein will be collected if not otherwise paid." But that attempted hedge is in direct conflict with the United States Constitution's Full Faith and Credit Cause and its statutory embodiment in 28 U.S.C. § 1738.

In brief summary, the bottom line here is that Owenses must return to the drawing board once again, so their AA is stricken without prejudice (in the sense that this opinion does not reflect a final judgment). They are granted leave to file a Second Amended Answer on or before November 17, 2016, so that the presently scheduled October 28 status hearing is vacated and replaced by a status hearing at 8:45 a.m. November 21, 2016.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 20, 2016